# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-02014-OWW-GSA PC<br><br>ORDER DENYING MOTIONS FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 7-13 and 16) |

Plaintiff Horace Bell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 17, 2009. Between December 4, 2009, and December 24, 2009, Plaintiff filed eight motions requesting various forms of equitable relief, none of which Plaintiff is entitled to at this juncture, if at all. Plaintiff seeks an order requiring the defendants to clean and sanitize the showers daily on second and third watch, prohibiting the defendants from moving Plaintiff around the yard in retaliation for filing this lawsuit, mandating a regular sanitation abatement program be instituted in the building, directing the defendants to let Plaintiff exhaust the inmate appeals process, prohibiting the defendants from retaliating against Plaintiff, and requiring that Plaintiff be allowed a daily medical shower. (Docs. 7-13, 16.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An

1

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law.[1] As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief. Further, assuming Plaintiff will be able to cure the deficiencies in his claims and set forth one or more viable federal claims, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order prohibiting the defendants from retaliating against him for filing this lawsuit or an order requiring the defendants to permit Plaintiff to exhaust claims via the inmate appeals system. Assuming Plaintiff is able to state a viable claim in his third amended complaint,

---

[1] The Magistrate Judge dismissed Plaintiff's second amended complaint, with leave to amend, for failure to state a claim on February 1, 2010.

2

such equitable relief, by its very nature, will not be sufficiently related to Plaintiff's underlying legal claim to satisfy the jurisdictional requirements that apply to federal courts.

Accordingly, Plaintiff's motions for preliminary injunctive relief are HEREBY ORDERED DENIED because the Court lacks jurisdiction to issue the orders sought.[2] (Docs. 7-13, 16.)

IT IS SO ORDERED.

**Dated:** **February 5, 2010**          /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

---

[2] Because the Court lacks jurisdiction, the Court does not reach the merits of the motions.

3