# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. Romero, et al.,<br><br>　　　　　Defendants._____/ | CASE NO: 1:09-cv-02014-OWW-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CASE WITHOUT PREJUDICE DUE TO RULE 11(b)(3) VIOLATION |

　　　Horace Bell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On November 17, 2009, Plaintiff filed the original complaint.  (Doc. 1).  On December 4, 2009, Plaintiff filed the first amended complaint.  (Doc. 6).  On December 17, 2009, Plaintiff filed a second amended complaint.  (Doc. 14).  On February 10, 2010, Plaintiff filed a third amended complaint.  (Doc. 21).  On January 3, 2011, the Court issued an order to show cause as to why this action should not be dismissed due to Plaintiff's violation of rule 11(b)(3) of the Federal Rules of Civil Procedure.  (Doc. 37).  On January 21, 2011, Plaintiff filed a response to the order to show cause.  (Doc. 40).

**I. Rule 11(b)**

　　　The Court finds that Plaintiff intended to misrepresent his litigation history by failing to respond to the question regarding litigation history in the original complaint, stating that he had only one previous or pending lawsuit in the first and third amended complaints, and stated that he had not brought any lawsuits in the second amended complaint.  (Docs. 1, 6, 14, 21).  Rule 11(b) (3) of the

1

Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3). In response to the Court's order to show cause, Plaintiff argues that the misrepresentation was a result of his inability to access the majority of his litigation materials which are with an attorney. (Doc. 40). However, in light of Plaintiff's litigation history, Plaintiff's response fails to demonstrate that he exercised good faith to try to provide accurate information to the court. The Court takes judicial notice of the two other cases before this Court where Plaintiff has also misrepresented his litigation history: *Bell v. Dikin, et al.*, 1:10-cv-01346-GBC and *Bell v. Dileo, et al.,* 1:10-cv-02364-OWW-GBC. At the time of filing the complaint in this action: 1) Plaintiff has filed over twenty § 1983 actions and fifteen habeas petitions as a pro se prisoner under the prisoner number "J-42454"; and 2) Plaintiff was actively litigating seven cases in the Eastern District Court at the time when he filed this instant action. Plaintiff could have given an estimate of his previous actions or at least gave information of the seven actions that he was currently litigating.[1] This is especially true in the second amended complaint where Plaintiff indicated that he did not have any other lawsuits.

Plaintiff's failure to provide information about previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[1] At the time Plaintiff filed the complaint in this action, he was actively litigating the following cases: *Bell v. Harringon, et al.*, 2:09-cv-02426-JAM-EFB; *Bell v. Lopez, et al.*, 1:10-cv-01762-SKO; *Bell v. Kurz, et al.*, 1:10-cv-00310-LJO -SMS; *Bell v. Dileo, et al.*, 1:10-cv-02364-OWW-GBC; *Bell v. Romero, et al.*, 1:09-cv-02014-OWW-GBC; Bell v. Department of Corrections and Rehabilitation, 1:10-cv-00770-LJO-MJS; *Bell v. Harrington*, 1:10-cv-00852-LJO-SKO.

2

      It is apparent from Plaintiff's history of litigation and the fact that he is pursuing multiple cases in this Court that his misrepresentation in his complaint regarding the number of prior and pending cases filed is willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is proceeding in forma pauperis, the Court finds that monetary sanctions would be inappropriate and that the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

      In the order to show cause, the Court also observed that Plaintiff filed this action under what appeared to be an alias name "Horace Bell" when, in fact, his true name is "Horace Thomas."[2] Plaintiff has failed to address how the Court in *Bell v. Harrington*, 2:10-cv-03599, reached the conclusion that Plaintiff's true name is "Horace Thomas," nor did Plaintiff submit any documentation to establish his identity. In his response, Plaintiff states that he has served a prison term under an alternate name of "Horace Thomas" (CDCR number B-77278), however, Plaintiff asserts that his true name is Horace Bell. (Doc. 10 at pp. 3-4). Although Plaintiff states that he is unable to readily obtain a birth certificate as documentation to prove his real name, Plaintiff did not address his ability to provide other forms of identification such as a state issued identification card, driver's license, social security card or passport. Nevertheless, since the Court has found a Rule 11(b)(3) violation based on Plaintiff's misrepresentation regarding previous and pending litigation, the Court will not reach whether Plaintiff should be granted more time to obtain documentation to prove his identity and will not will not reach whether Plaintiff misrepresented his identity in this action.

///

///

---

[2] In its order to show cause, the Court took judicial notice of *Bell v. Harrington et al.*, 2:10-cv-03599 (C.D. May 20, 2010) where the court noted the alias and real names of Plaintiff. See also *Thomas, et al v. Johnson, et al.*, 2:94-cv-01497-JMI -RC (filed under "Horace Thomas" and acknowledged the alias of "Horace Bell" with the same prisoner number of J-42454); *Thomas v. George Trusdel, et al.*, 2:94-cv-07575-UA (filed under "Horace Thomas" and acknowledged the alias of "Horace Bell"); *Thomas v. Barrett, et al.*, (filed under "Horace Thomas" and acknowledged the alias of "Horace Bell").

3

**IV. Conclusion**

Because Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure, the Court HEREBY RECOMMENDS:

1. That Plaintiff's action should be DISMISSED WITHOUT PREJUDICE for violating Rule 11(b)(3) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 4, 2011

UNITED STATES MAGISTRATE JUDGE